## TRI COUNTY LUMBER, INC. v. JAMES R. SPARTZ AND OTHERS.
## CITIZENS STATE BANK OF BIG LAKE, APPELLANT.
## ROBERT DEHEN, RESPONDENT.

212 N. W. 2d 540.

November 16, 1973—No. 44108.

*Briggs & Morgan, Philip L. Bruner,* and *Marvin T. Fabyanske,* for appellant.

*MacGibbon & Danforth* and *John E. MacGibbon,* for respondent.

Heard before Knutson, C. J., and Kelly, Todd, and Scott, JJ., and considered en banc.

SCOTT, JUSTICE.

Appeal from the judgment of the district court for defendant Robert Dehen establishing the validity of his mechanics lien in the sum of $3,600, together with costs and interest. We affirm.

14

On or about March 20, 1968, defendants James R. Spartz and Robert Dehen entered into an oral agreement to purchase, remodel, add on to, and then sell a cabin and lakeshore lot near Orono, Minnesota. It was agreed that Spartz would supply the materials and function as architect, that both would contribute their labor, and that they would share equally in the profits. Also included in the agreement was the decision that both men would be paid only upon completion of the work and if profit was realized from the eventual sale. Both worked on the project in 1969, but Dehen took paid job opportunities first and only worked on the lot and building in his free time.

As Dehen had further agreed to help obtain the property, he purchased it in 1968 for $8,000, but had it conveyed directly to Spartz and his wife in exchange for a promissory note and an agreement that Dehen would be repaid before the equal distribution of the profits.

In July 1969, Spartz attempted to get a loan for materials from the First National Bank of Elk River, but Dehen's cosignature was required on the mortgage before any money was advanced. Spartz allegedly directed most of the operations and ordered the materials from Tri County Lumber, but Dehen was often consulted and made cost-saving suggestions.

In August 1969, Spartz and his wife obtained a second mortgage for $15,500 from Citizens State Bank of Big Lake, the appellant here, and on March 17, 1970, a third mortgage with the same bank for $9,216. Dehen claimed to have no knowledge of either transaction and that therefore both mortgages were obtained without his consent. An officer of Citizens State Bank stated that the bank had knowledge of the improvements being made to the property, that Dehen had cosigned the first mortgage with the First National Bank, and that Dehen had an interest in the property. The bank, however, made no demand that Dehen become a party to the subsequent mortgages. The bank had further knowledge that the money from the second and third mortgages was not used to improve the property.

The two parties apparently worked on the project until early in 1970, when Spartz filed for voluntary bankruptcy. At this time, he instructed his attorney to prepare a mechanics lien statement for Dehen, which was properly filed on April 29, 1970, in the office of the register of deeds. The lien was in the amount of $3,600, computed by Dehen's approximate 900 hours at the rate of $4.00 per hour.

Neither Dehen nor Spartz received any compensation as they contemplated in their agreement because the improvements were not completed and the project was never sold for a profit.

On November 5, 1970, following a notice of sale, the Citizens State Bank foreclosed the second mortgage and the sheriff's certificate of sale was issued to that bank.

Tri County Lumber, Inc., commenced this action in February 1971. All claims were settled prior to trial, except the validity of Dehen's mechanics lien and the possible priority over the mortgages of Citizens State Bank.

The lower court held that the agreement entered into by Spartz and Dehen did not constitute a joint venture because "Dehen was deprived of any control thereof over the subject matter and including the subsequent incumbering thereof," and that he therefore had a valid mechanics lien superior to the mortgages.

Mr. Justice Matson in Rehnberg v. Minnesota Homes, Inc. 236 Minn. 230, 235, 52 N. W. 2d 454, 457 (1952) stated that an enterprise does not constitute a joint venture unless each of the following four elements is present:

"(a)  *Contribution*—the parties must combine their money, property, time, or skill in some common undertaking, but the contribution of each need not be equal or of the same nature.

"(b)  *Joint proprietorship and control*—there must be a proprietary interest and right of mutual control over the subject matter of the property engaged therein.

"(c)  *Sharing of profits but not necessarily of losses*—there must be an express or implied agreement for the sharing of prof-

its (*aside from profits received in payment of wages as an employe*) but not necessarily of the losses.

"(d) *Contract*—there must be a contract, whether express or implied, showing that a joint adventure was in fact entered into."

The trial court's finding that Spartz' discretionary control was sufficient to deprive Dehen of any right to control is not the determining factor in our decision to affirm. Whether or not a joint venture is found to exist, the actions of Citizens State Bank in accepting the mortgages from Spartz and his wife without requiring either the signature or consent of Dehen are decisive. By proceeding as it did, with knowledge of Dehen's interest in the property, the relationship of the two men, and the fact that the money given was not to be used to improve the property, the bank stands in the position of Spartz and certainly cannot now claim that Dehen, as a party to a joint venture, is precluded from claiming a mechanics lien under Minn. St. 514.01. Rather, the bank is now estopped from proceeding upon this theory.

Therefore, the lower court's determination that Robert Dehen is entitled to a mechanics lien for the reasonable value of his services must be affirmed.

Affirmed.